## WHEELER *v.* FICK.

(*Supreme Court of New Mexico.* February 4, 1887.)

1. NEW TRIAL—RESIGNATION OF TRIAL JUDGE BEFORE EXCEPTIONS SAVED.

   A new trial will not be ordered by the supreme court of New Mexico on the application of a plaintiff in error, on the ground that by the resignation of the judge before whom the cause was tried he has lost his right to have the judgment reviewed, when both the record and bill of exceptions have been struck from the files for the reason of not being signed and sealed by the judge who tried the cause.[1]

2. APPEAL—MOTION BY APPELLEE TO AFFIRM—COMP. LAWS N. M. § 2189.

   Where the appellate court has stricken from the files the record and bill of exceptions filed by the plaintiff in error because not signed and sealed by the judge who heard the cause, and who is out of office, and defendant in error files a transcript of the record which does not show that an appeal has been allowed, or writ of error issued, and moves to affirm under Comp. Laws N. M. § 2189, such motion will be denied.

Appeal from district court, First judicial district, sitting in the county of Colfax.

*Wm. Breeden,* Atty. Gen., for appellee. *Fiske & Warren,* for appellant.

PER CURIAM. On a former day of this term we struck from the files the record and bill of exceptions filed by plaintiff in error, because the same

---

[1] The weight of authority is to the effect that the judge who presided at the trial is the proper person to settle and sign the exceptions, though he may have resigned or his term may have expired. In *Colorado,* it has been decided that the judge presiding is the one who should sign the bill of exceptions, and where one district judge tries a cause for another, the former must sign the exceptions. Land & Canal Co. v. Engley, 23 Pac. Rep. 452. In *Vermont,* the rule is that the bill of exceptions can only be signed by the judge who presided at the trial at which the exceptions were taken. Hancock v. Town of Worcester, 18 Atl. Rep. 1041. Where the term of office of the judge before whom the cause is tried expires before the bill of exceptions is signed, and one of the counsel in the cause is elected his successor, the latter is incompetent to settle and sign the bill of exceptions. Waterman v. Morgan, (Ind.) 16 N. E. Rep. 590. In *California,* it is held that, if the judge before whom the cause was tried becomes disqualified, the bill of exceptions may be signed by his successor, or by the judge of an adjoining county. Finn v. Spagnoli, 7 Pac. Rep. 746. In *Nebraska,* the trial judge can settle and sign a bill of exceptions after the expiration of his term, State v. Barnes, 19 N. W. Rep. 701; and by statute the clerk is authorized to settle and sign the bill in case of the death of the judge. But it is held that the statute does not apply to the case of the resignation of the judge. Shaffronek v. Martin, 2 N. W. Rep. 843. In *Colorado,* it has been decided that if the trial judge is absent from the state during the time in which the bill of exceptions can be settled and signed it should be tendered to the clerk of the court, and may be signed by the trial judge on his return; but a presentation of the bill to an associate judge, who marks on it the date of the tender, is not sufficient to preserve it. Fechheimer v. Trounstiene, 20 Pac. Rep. 704. In *Kansas,* a bill of exceptions cannot be signed by the clerk in the absence of the judge; and, even though the parties agree that it contains the truth, it does not become a valid bill of exceptions. Whitzwell v. Forgler, 1 Pac. Rep. 823.

When the appellant fails to prosecute his appeal the appellee may have the judgment affirmed and judgment rendered in the supreme court against the sureties on the appeal-bond upon the production of the appeal-bond and a transcript of the judgment and of the journal entry of notice of appeal duly authenticated. O'Hare v. Wilson, (Wash. T.) 14 Pac. Rep. 595. Where there is an allegation by the appellee, not denied by the appellant, that the abstracts filed do not present the whole record of the case, nor contain all the evidence, the judgment will be affirmed. Lindsey v. Mutual Aid Soc., (Iowa,) 44 N. W. Rep. 685. After appellant's brief is stricken from the files, and he fails to file another within the time allowed him by the court, his appeal will be dismissed. Gant v. Timmons, (Tex.) 14 S. W. Rep. 236. Where, on appeal, there is in the record no bill of exceptions nor assignment of errors, and no errors of law appear on the face of the record, the judgment will be affirmed. Ruth v. Long, (Utah,) 24 Pac. Rep. 756.

were not signed and sealed by the judge before whom the judgment was obtained.    12 Pac. Rep. 625.[1]  Plaintiff in error now asks us to order the court below to grant him a new trial for the reason that, by the resignation of the judge before whom the cause was tried, he has been deprived of his record and bill of exceptions, and therefore prevented from having the judgment of the lower court reviewed.

The record having been stricken out, leaves the cause in this court as if no attempt had ever been made to file such record here.    In this state of the case, defendant in error comes and files a transcript of the record, and a motion to affirm, under the terms of section 2189, Comp. Laws.   We must deny the motion of the plaintiff in error, because before the filing of the transcript, and motion by defendant in error, there was nothing in this court upon which we could act.    If the bill of exceptions alone had been stricken out, leaving the record proper here, then a different view might be taken of the question; but in the present condition of the case we cannot see our way clear to give plaintiff in error the relief he seeks without abrogating the rules governing the bringing of causes to this court.    The motion of defendant in error must also be denied, because the transcript filed by him does not show that an appeal has been allowed, or writ of error issued in the cause.   Section 2189, Comp. Laws 1884.